IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN L. BRAMBORA,

        Petitioner,      07-393-AA

        v.                ORDER

JEAN HILL,

        Respondent.

AIKEN, District Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment, dated October 13, 1999, from Multnomah County Circuit Case No. 99-05-33424, after convictions for Robbery in the First Degree with a Firearm (eight counts) and Felon in Possession of a Firearm (one

1 - ORDER

count). Exhibits to Answer (#11), Exhibit 101. Following a guilty plea, petitioner was sentenced to a total of 205 months of imprisonment. Id.

Petitioner did not directly appeal his convictions. Petitioner filed a petition for post-conviction relief on February 11, 2005, in Brambora v. Hill, a Malheur County Circuit Court Case No. 05024218M, but the court dismissed the petition on the state's motion. Exhibits to Answer (#11), Exhibit 103. The Oregon Supreme Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review. Brambora v. Hill, 2006 Or. LEXIS 1279. The appellate judgment issued on January 17, 2007. Exhibits to Answer (#11), Exhibit 104.

On March 19, 2007, petitioner filed a petition under 28 U.S.C. § 2254 alleging three grounds for relief. Petitioner's Ground One alleges that he was sentenced to illegal consecutive sentences because "[t]he imposition of consecutive sentences must be pled in the indictment and submitted to a jury to be proved beyond a reasonable doubt." Petition (#1), p. 5. In Ground Two petitioner claims that "[t]he court was required to merge Petitioner's convictions for count 1 and count 9." Id., p. 9. Petitioner alleges in Ground Three that

2 - ORDER

"[t]he Court of Appeals Order of Summary Affirmance is based on an error of fact." Ibid.

Respondent moves to dismiss petitioner's petition on the ground that it was not brought within the one year limitations period provided in 28 U.S.C. § 2244(d). Respondent contends that "[i]n sum, petitioner waited 1,938 days before filing the petition in this proceeding, far exceeding the 365 days provided under the federal statute."  Response to Habeas Petition (#9), p. 3.

Petitioner argues:  "While the facts as stated by Respondent is correct they ignore 28 U.S.C.A. Sec. 2254(3)(e)(2)(A)(i) which states that the court shall not hold an evidentiary hearing on a claim that was untimely filed unless the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. ... Petitioner's issues deals with consecutive sentences and a states court's authority to sentence a defendant to consecutive sentences without following the principles laid down in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct 2348 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004)."  (sic) Reply (#13), p. 1-2.

3 - ORDER

Thus, in essence, petitioner concedes that his petition is time barred under the habeas statute of limitations, but argues that it is properly before the court because it involves Apprendi/Blakely issues.

In United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002), the Ninth Circuit held that Apprendi does not apply retroactively to cases on initial collateral review." See also, Cooper v-Smith v. Palmateer, 397 F.3d 1236, 1245-46 (9th Cir. 2005) (Blakely has not been made retroactive to cases on collateral review and does not undermine the determination that Apprendi does not apply retroactively to cases on initial collateral review). In addition, the Supreme Court has held that its holding in Ring v. Arizona, 536 U.S. 584 (2002), which like Blakely and Booker[1] applied and extended the reasoning of Apprendi, does not apply retroactively to cases that have already become final on direct review. Schiro v. Summerlin, 542 U.S. 348 (2004); see also, Shardt v. Payne, 414 F.3d 1025 (9th Cir. 2005) [Blakely decision does not apply on collateral review to decisions that were final before it was decided].

---

[1]United States v Booker, 535 U.S. __, 125 U.S. 738 (2005).

4 - ORDER

In this case, petitioner's direct appeal became final on December 23, 1999, prior to the Apprendi and Blakely decisions (2000 and 2004, respectively). Therefore, petitioner's reliance on those cases for his claims in this proceeding is misplaced and his Petition is time barred and fails to state a claim cognizable under 28 U.S.C. § 2254.

Based on all of the foregoing, petitioner's Petition (#1) is denied as time barred and for failure to state a claim. This proceeding is dismissed.

IT IS SO ORDERED

DATED this 6 day of February, 2008.

*Ann Aiken*
Ann Aiken
United States District Judge

5 - ORDER